UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ANDRE ANDERSON,            )
                           )
    Plaintiff,             )
                           )
v.                         )           No. 1:13CV21 SNLJ
                           )
GEORGE LAMBORDIA, et al.,  )
                           )
    Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1334097), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $1.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Jefferson City Correctional Center ("JCCC"), brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are: George Lambordia, (Director of the Missouri Department of Corrections); Ian Wallace, (Warden at Southeastern Correctional Center ("SECC")); Cheryl Thompson, (Functional Unit Manager, SECC); Jarome Kizer, (Correctional Officer, SECC); and Kevin Spitzer, (Correctional Officer, SECC).

Plaintiff asserts that when he was being housed at SECC on May 2, 2012, he was escorted from his cell by defendant Kizer to a restraint bench at approximately 2:00 a.m. Plaintiff asserts that upon removal from the bench by defendant Kizer he turned his head and told defendant Kizer that he was being treated unfair and that he would be filing an Informal Resolution Request ("IRR") against him. Plaintiff claims that defendant Kizer got very angry and:

> slung plaintiff face first into a steel phone cage. He then attempted to put plaintiff in a full Nelson, but plaintiff was cuffed. Defendant then slung plaintiff to the middle of the day room in an attempt to make plaintiff fall. When defendant J. Kizer seen his attempt failed then he got behind plaintiff and attempted to slam him. This is when defendant K. Spitzer came to assist J. Kizer. Defendant K. Spitzer then hoisted plaintiff in the air. Slamming him face first into the cold hard concrete. Defendant J. Kizer then placed a knee into the lower back of plaintiff. Defendant K. Spitzer then placed a knee into the neck of plaintiff. Defendant K. Spitzer also smashed plaintiff's face in the floor yelling

obscenitys. [sic] Then other C.O.'s helped in a restraint. The entire time plaintiff was in wrist restraints.

Plaintiff asserts that defendant Kizer wrote a false conduct violation against him for threats, saying he stopped the escort to his cell and faced him and threatened to head butt him. Plaintiff claims that despite having video footage showing the altercation, he was found guilty and issued the false conduct violation and presumably, placed in administrative segregation.

He asserts that his due process rights were violated and that defendants' acts constituted cruel and unusual punishment. He sues defendants in their individual and official capacities. In his request for relief he seeks monetary damages only.

## Discussion

Plaintiff has stated a claim for relief against defendants Kizer and Spitzer for excessive force pursuant to the Eighth Amendment. Moreover, the Court believes that plaintiff has also stated a retaliation claim against defendant Kizer for filing an alleged false conduct violation.[1]

---

[1] "[T]he First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures." Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (citing Sprouse v. Babcock, 870 F.2d 450 (8th Cir.1989)). "Although the filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance." Id. An inmate need not show an independent injury apart from the false disciplinary charge. Id. "Because the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's

Plaintiff's claim for a due process violation, however, will be dismissed.  To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations.

Similarly, plaintiff's claims against the supervisory officials, Lambordia, Wallace and Thompson will also be dismissed.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that Lambordia, Wallace or Thompson were directly involved in or personally responsible for the alleged violations of his constitutional rights. See, e.g., Keeper v. King, 130 F.3d 1309, 1314

---

constitutional right to seek redress of grievances, the injury to this right inheres in the retaliatory conduct itself." Id.

(8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); Woods v. Goord, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Last, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

A review of plaintiff's complaint indicates that he is competent to represent his own interests at this time. Neither the factual nor the legal issues appear complex in this case which primarily involves excessive force by two prison guards. As such, the Court will deny plaintiff's motion for appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Kizer and Spitzer pursuant to the Court's waiver agreement with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Kizer and Spitzer shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant George Lambordia, Ian Wallace

or Cheryl Thompson because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's due process claims because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of March, 2013.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE