# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDRE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-cv-21-SNLJ |
| | ) |
| v. | ) |
| | ) |
| GEORGE LAMBORDIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ANSWER

COMES NOW Defendants Jerome Kizer and Kevin Spitzer ("Defendants"), by and through their undersigned counsel, and hereby answer the allegations of Plaintiff's Complaint (Doc. #1) as follows:

**Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983**

I.   Place of Present Confinement:

Defendants admit that Plaintiff is presently incarcerated at Jefferson City Correctional Center ("JCCC"), a Missouri Department of Corrections facility located in Jefferson City, Missouri. Defendants deny the remaining allegations of this paragraph.

II.   Previous Civil Actions:

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, deny them on that basis.

III.    Grievance Procedures:

Defendants admit that JCCC has a prisoner grievance procedure. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the remaining allegations of this paragraph, and therefore, deny them on that basis.

IV.    Parties to this Action:

    A.    Defendants admit Plaintiff is a party to this action, and that he is currently incarcerated at JCCC as alleged in this paragraph. Defendants admit Plaintiff's offender number is 524754. Defendants deny the remaining allegations of this paragraph.

    B.    Defendants Kizer and Spitzer admit that they are defendants in this case, and that they are each employed as a Corrections Officer I at Southeast Correctional Center ("SECC"). Defendants deny the remaining allegations of this paragraph.

V.    Counsel:

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, deny them on that basis.

VI.    Statement of Claim:

    1.    Defendants admit that George Lombardi is the

Director of the Missouri Department of Corrections. Defendants deny the remaining allegations of this paragraph.

2. Defendants admit that Ian Wallace is the Warden at SECC. The remaining allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations of this paragraph.

3. Defendants admit that Cheryl Thompson is the Function Unit Manager for Housing Unit 2 at SECC. Defendants deny the remaining allegations of this paragraph.

4. Defendants admit the allegations of this paragraph.

5. Defendants admit the allegations of this paragraph.

6. Defendants admit that Defendant Kizer escorted Plaintiff from his cell to a restraint bench on May 2, 2012, at approximately 2:00 a.m. Defendants deny the remaining allegations of this paragraph.

7. Defendants deny the allegations of this paragraph.

8. Defendants deny the allegations of this paragraph.

9. Defendants deny the allegations of this paragraph.

10. Defendants deny the allegations of this paragraph.

11. Defendants deny the allegations of this paragraph.

12. Defendants admit that Defendant Spitzer came to assist Defendant Kizer in restraining Plaintiff. Defendants deny the remaining allegations of this paragraph.

13. Defendants deny the allegations of this paragraph.

14. Defendants deny the allegations of this paragraph.

15. Defendants deny the allegations of this paragraph.

16. Defendants deny the allegations of this paragraph.

17. Defendants deny the allegations of this paragraph.

18. Defendants admit that several other corrections officers assisted in restraining Plaintiff. Defendants deny the remaining allegations of this paragraph.

19. Defendants admit that Plaintiff was wearing wrist restraints at the time he was restrained by Defendants Kizer and Spitzer. Defendants deny the remaining allegations of this paragraph.

20. Defendants admit that Defendant Kizer issued Plaintiff a conduct violation for making threats. Defendants deny the remaining allegations of this paragraph.

21. Defendants admit that the conduct violation issued by Defendant Kizer stated that Plaintiff threatened to head butt Defendant Kizer. Defendants deny the remaining allegations of

this paragraph.

22. Defendants deny the allegations of this paragraph.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, deny them on that basis.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, deny them on that basis.

25. Defendants reallege and incorporate herein by this reference their answers to paragraphs 6 to 24.

26. Defendants deny the allegations of this paragraph.

27. The allegations of this paragraph constitute legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of this paragraph.

VII. <u>Relief:</u>

Defendants deny the allegations of this paragraph.  Defendants specifically deny that Plaintiff is entitled to any relief.

VIII. <u>Money Damages:</u>

Defendants deny the allegations of this paragraph.  Defendants specifically deny that Plaintiff is entitled to any relief.

IX. Defendants specifically deny that wrongs alleged by Plaintiff in his Complaint occurred in the first instance. Given that Plaintiff is no longer incarcerated at SECC, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore, deny them on that basis.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's federal claims against Defendants are barred by Defendants' qualified immunity from suit because Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

3. To the extent that Plaintiff seeks damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment to the United States Constitution and are not cognizable under 42 U.S.C. § 1983.

4. To the extent that Plaintiff asserts claims based on the doctrine of *respondeat superior*, such claims are barred because *respondeat superior* is not a basis for recovery under 42 U.S.C. §1983.

5. Plaintiff's claims against Defendants are barred by applicable statutes of limitation.

6. Plaintiff's claims against Defendants are barred by collateral estoppel and *res judicata*.

7. Plaintiff's claims against Defendants are barred because Plaintiff failed to exhaust administrative remedies, including grievance procedures available to him in the Missouri Department of Corrections.

8. Defendants reserve the right to amend this Answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

Respectfully submitted,

**CHRIS KOSTER**,
Attorney General

　/s/ H. Anthony Relys
H. Anthony Relys, #63190
Assistant Attorney General
Post Office Box 861
St. Louis, MO  63188
Tel: (314) 340-7861
Fax: (314) 340-7029
E-mail: Tony.Relys@ago.mo.gov

*Attorneys for Defendants Jerome Kizer and Kevin Spitzer*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 10, 2013, the foregoing **Answer** was filed via the Court's electronic filing system and sent via regular U.S. mail to the following non-CM/ECF participant:

    Andre Anderson, #1334097
    Jefferson City Correctional Center
    8200 No More Victims Road
    Jefferson City, MO  65102

                                      /s/ H. Anthony Relys
                                      H. Anthony Relys
                                      Assistant Attorney General