UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANDRE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV21SNLJ |
| | ) | |
| GEORGE LAMBORDIA, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's motion for summary judgment (#17), filed December 24, 2013. The plaintiff has not responded, and the time for doing so has passed. Thus, this matter is now ripe for disposition.

**I. Background**

Plaintiff has not responded to the defendant's statement of uncontroverted facts; therefore, all the facts set forth by defendant are deemed admitted for the purpose of summary judgment. Fed. R. Civ. P. 56(e); Local Rule 7-4.01(E).

At all relevant times, plaintiff was an inmate at the Southeast Correctional Center ("SECC"). On the morning of May 2, 2012, inmates in plaintiff's housing unit wing were taking showers. When plaintiff returned from the showers, he found that his cell had been searched and his property strewn about the cell. Plaintiff became upset because his toothpaste and deoderant had been stepped on. When plaintiff asked to see a superior officer to complain, he was taken from his cell and placed on a restraint bench in the middle of the wing. Plaintiff's arms were restrained behind his back. Plaintiff was later removed from the restraint bench by defendants

-1-

Jerome Kizer and Kevin Spitzer, who were both employed as corrections officers at SECC at that time. Defendant Kizer began to escort plaintiff back to his cell. Plaintiff was angry and began cursing defendant Kizer and calling him names. Further, plaintiff did not cooperate with defendant Kizer and resisted the escort. According to defendants, and in order to bring plaintiff under control, defendant Kizer turned toward plaintiff and placed him against a metal mesh phone cage in the wing. Then plaintiff and defendant Kizer moved back to the middle of floor.

While defendant Kizer escorted plaintiff, defendant Spitzer escorted plaintiff's cellmate back to the cell. However, defendant Spitzer became aware of the disturbance involving plaintiff and defendant Kizer, so Spitzer restrained the cellmate on the restraint bench and went to assist Kizer. With assistance from two other officers, defendants were able to gain control of plaintiff by bringing him to the floor. Then plaintiff was placed in leg restraints and carried to a restraint cage. Shortly thereafter, plaintiff was evaluated by a nurse. He told the nurse that he was dizzy, his head hurt, and that he had abrasions on his knee and shoulder. The nurse competed her exam and noted no injuries to plaintiff.

Since the incident, plaintiff states that he has headaches just about every day. During the headaches, he experiences pain just behind his left eye. Plaintiff stated that he cannot be certain that his headaches are caused by the May 2, 2012 incident. Plaintiff states that the abrasions he received during the incident healed in two or three weeks. Plaintiff also claims his back was injured during the incident, but he did not complain to the nurse about that at the time, and he said he is scheduled to see a doctor to figure out why his back keeps stiffening up.

Finally, plaintiff stated at his deposition that he put himself into the situation because he got angry about his toothpaste.

Plaintiff brought this action against defendants Kizer and Spitzer in their individual and official capacities, alleging an excessive force claim.[1] Defendants filed the pending motion for summary judgment.

## II. Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Pursuant to Federal Rule Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences

---

[1] Claims against other defendants were dismissed by the Court pursuant to 18 U.S.C. § 1915.

that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III.    Discussion

As an initial matter, plaintiff's claims against defendants in their official capacities must fail because suits against state officials in their official capacity are considered to be suits against the state. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A suit against these defendants, sued in their official capacity as employees of the Missouri Department of Corrections, is a suit against the State of Missouri. Thus, defendants are entitled to summary judgment on claims against them in their official capacity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

As for plaintiff's claims against defendants in their individual capacities, the "Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates, regardless of whether there is evidence of any significant injury." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Nevertheless, the "Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotations omitted). "Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Id.* at 6 (internal quotation omitted).

The Supreme Court has admonished the district courts to heed "*Hudson*'s direction to decide excessive force claims based on the nature of the force rather than the extent of the injury." *Wilkins v. Gaddy,* 130 S.Ct. 1175, 1177 (2010) (per curiam). However, "the extent of the injury may also provide some indication of force applied." *Id.* at 1178. Here, plaintiff's injuries appeared minimal in that the nurse noted that he had no injuries, but plaintiff alleges that he had abrasions and that he continues to suffer from headaches.

Pursuant to *Wilkins* and *Hudson*, however, regardless of the nature of plaintiff's injuries, the Court's inquiry does not end there. The overriding factor is whether the officers used force "in a good-faith effort to maintain or restore discipline," or applied force "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6. "The test for reasonableness or good faith application of force depends on 'whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.'" *Johnson*, 453 F.3d at 1112 (quoting *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002)). Defendants maintain that there is no showing that defendant's actions were malicious or sadistic. However, when viewed on the video surveillance recording submitted to the Court, the Court cannot agree with the defendants' characterization of the events. The video shows that plaintiff initially was reluctant to leave the restraint bench (the defendants' facts seem to admit that plaintiff was not permitted to talk to a supervisor as requested), but that he went with Kizer and appeared to offer no struggle whatsoever. Kizer led plaintiff with plaintiff's hand cuffed behind his back, and plaintiff had his head turned and was talking to Kizer. Then, with no apparent warning or reason, Kizer threw plaintiff into a nearby

restraint cage. The Court can see that Kizer did not "place" plaintiff up against the cage — plaintiff contacted the cage with force, and then Kizer led plaintiff away again. Although plaintiff admits he was angry and suggests that he put himself in the situation because he got angry about his toothpaste, the video shows at least a question of fact as to whether defendant Kizer's application of force was a "good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6. Summary judgment must therefore be denied with respect to defendant Kizer.

Plaintiff's allegations against defendant Spitzer pertain only to the period of time after Kizer pushed plaintiff into the cage. The video shows that, after Kizer pushed plaintiff into the cage, Kizer and plaintiff continued to exchange words. Then defendant Spitzer assisted with forcing plaintiff onto the concrete floor. The video supports that this second event — when multiple officers forced plaintiff to the floor — was motivated by an effort to restore order. Plaintiff claims Spitzer "hoisted" plaintiff into the air and slammed him onto the concrete floor, but the video shows that no such thing occurred. Plaintiff was clearly (although perhaps understandably) struggling with defendant Kizer, and defendant Spitzer's involvement appeared to be part of the officers' good-faith effort to maintain or restore discipline, as asserted by defendants. As a result, summary judgment will be granted to defendant Spitzer.

Remaining for trial are plaintiff's claims against defendant Kizer. The Court will appoint counsel to represent the plaintiff in a separate order. Counsel for the plaintiff may seek to reopen discovery for a limited period of time in order to prepare for trial. The plaintiff should await further order of the Court on those matters. However, because plaintiff has not filed any document with this Court since September 2013 (nor did plaintiff even respond to the summary judgment motion), plaintiff will be ordered by separate order to file with the Court a notice of his intention to pursue his claim. Should plaintiff fail to respond, the Court will entertain a motion by defendants for dismissal for failure to prosecute.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (#17) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** to defendant Spitzer.

**IT IS FINALLY ORDERED** that summary judgment is **DENIED** as to defendant Kizer.


Dated this  4th  day of April, 2014

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE